512 S.E.2d 142

Paul Michael DALTON, Jr.

v.

COMMONWEALTH of Virginia.

Record No. 3134–96–3.

Court of Appeals of Virginia,
Richmond.

March 16, 1999.

318

H. Victor Millner, Jr., Chatham, for appellant.

Richard B. Smith, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J., and BENTON, COLEMAN, WILLIS, ELDER, BRAY, ANNUNZIATA, BUMGARDNER and LEMONS, JJ., and OVERTON *, Senior Judge.

ELDER, Judge.

Paul Michael Dalton, Jr., (appellant) appealed his conviction for first degree murder. On appeal, he contended the trial court erred in refusing to instruct the jury on the crime of accessory after the fact to murder. A panel of this Court agreed with appellant and reversed his conviction. *See Dalton*

---

* Judge Overton participated in the hearing and decision of this case prior to the effective date of his retirement on January 31, 1999 and thereafter by his designation as a senior judge pursuant to Code § 17.1–401, recodifying Code § 17–116.01:1.

*v. Commonwealth,* 27 Va.App. 381, 499 S.E.2d 22 (1998). We granted the Commonwealth's petition for rehearing *en banc* and stayed the mandate of that decision. Upon rehearing *en banc,* we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## I.

### FACTS

Appellant was charged with three crimes: (1) murder "in the commission of or attempt to commit robbery," (2) murder, and (3) "use [of] a shotgun in committing or attempting to commit murder or robbery." None of the indictments against appellant expressly charged him with being an accessory after the fact to any of these crimes.

The evidence at trial proved that, on December 17, 1995, the body of Clark Aubrey Adkins (victim) was found buried in a shallow grave in a wooded area about two-tenths of a mile from the nearest state road. The victim had been killed by a gunshot wound to his right upper chest. The victim also had been shot a second time in his left side "just above the belt" after his heart had stopped beating.

Three witnesses, Ronald Cassady, Matthew Cassady, and Jimmy Cook, testified that appellant confessed to killing the victim during the week of December 12. Ronald Cassady testified that appellant told him that "when [the victim] come down the road, [appellant] was laying in the road and jumped up when [the victim] stopped and shot him." Matthew Cassady testified that appellant told him "he met ... [the victim] on his grandma's road, and somehow he got in the car or something and he shot him." Matthew Cassady also testified that appellant said he killed the victim "because [the victim] raped his sister, Mary Dalton." Jimmy Cook testified that, after appellant drafted a note confessing to the murder, he explained his reasons for doing so. According to Cook, appellant "said he wanted to write a note ... because he said he done it all by himself, and he didn't want to get his sister or Joseph

[Smith] [appellant's sister's boyfriend], to get neither one of them blamed for something they didn't do."

The Commonwealth also introduced into evidence a note written and signed by appellant in which appellant stated that he "did in fact kill [the victim] . . . and Mary and Jos[e]ph did not have inthing [sic] to do with it."

At trial, appellant denied shooting the victim. Appellant testified that, on December 12, he and Joseph Smith were sitting in the woods watching his sister, Mary Dalton, as she attempted to buy marijuana from the victim while in his car. Appellant testified that after his sister exited the victim's car, he saw Smith approach the victim and shoot him twice. According to appellant, Smith "shot [the victim] one time through the passenger side door, and he reloaded, and he walked around and he opened the driver's side door and shot him again." After the shooting, appellant helped Smith place the victim's body in the trunk and accompanied Smith as he drove the victim's car to a remote location in the woods. Appellant testified that, at some point, Smith took "between twelve hundred and fifteen hundred dollars" and some "pot" from the victim's body and distributed it among himself, appellant, and appellant's sister. "A couple of days later," appellant helped Smith carry the victim's body from the trunk of his car to a location in the woods where Smith buried it. Appellant testified that he wrote his confession note " 'cause [he] didn't want [his sister] to go to jail."

At the conclusion of the evidence, appellant requested a jury instruction on the crime of being an accessory after the fact. The trial court refused to give the instruction, and appellant objected to the ruling. Appellant argued that an instruction on accessory after the fact was warranted "based on the evidence in this case." The trial court ruled that it refused appellant's request for an instruction on accessory after the fact "because [it did] not think that accessory after the fact is a lesser included offense to any of the charges."

The jury convicted appellant of first degree murder but acquitted him of the firearm charge. The trial court subse-

quently dismissed the indictment charging appellant with murder in the commission of or attempt to commit robbery.

## II.

## JURY INSTRUCTION

Appellant contends the trial court erred when it refused to instruct the jury on the crime of being an accessory after the fact. He argues that Rule 3A:17(c) of the Rules of the Supreme Court of Virginia entitled him to an instruction on accessory after the fact because more than a scintilla of evidence supported this theory. We agree that the jury should have been instructed that convicting appellant of being an accessory after the fact to murder was an option when it determined its verdict.

As a preliminary matter, we decline, by an evenly divided court,[1] the Commonwealth's request to apply Rule 5A:18 to bar appellant's claim that Rule 3A:17(c) supports his argument on appeal.[2]

---

**1.** Under these circumstances, we hold that, to prevail, the party urging application of the bar must garner a majority of votes. Where the vote is evenly divided on a procedural issue first raised in this Court, we do not apply the bar and proceed to consider the merits of the appeal. *Cf. Infants v. Virginia Housing Dev. Auth.*, 221 Va. 659, 675 n. 8, 272 S.E.2d 649, 659 n. 8 (1980) (under different statutory scheme, by majority vote, rejecting possible procedural bar raised *sua sponte* by Supreme Court based on equal division among Court's members); *see id.* at 680, 272 S.E.2d at 662 (Thompson, J., concurring in part and dissenting in part); *id.* at 676–78, 272 S.E.2d at 659–60 (Carrico, J., dissenting).

**2.** Chief Judge Fitzpatrick and Judges Benton, Coleman, Elder and Annunziata hold that appellant properly preserved for appeal the issue of the trial court's denial of the accessory-after-the-fact instruction by proffering the instruction and stating on the record that it was proper "based on the evidence in this case." At no point in the record did appellant contend that the crime of being an accessory after the fact was a lesser-included offense of first degree murder, the principal felony. Only the trial court made such a reference, stating that it refused the instruction because the crime of being an accessory after the fact was not lesser-included in first degree murder.

For the reasons discussed in the text, *infra*, appellant was entitled, under Code § 19.2–286 and Rule 3A:17(c), to have the jury instructed on this offense.

We recognize that appellant did not cite Code § 19.2–286 and Rule 3A:17(c) in his argument before the trial court. However, he argued to this Court Rule 3A:17(c), which, as we discuss in the text, is the incorporation of Code § 19.2–286 into the rules. Moreover, he expressly objected to the trial court's failure to instruct the jury on the crime of being an accessory after the fact, and we granted an appeal on that issue. Thus, appellant properly preserved the issue as to whether the jury instruction should have been given under Rule 3A:17. In deciding that issue, we are not required to disregard controlling statutes or rules of court merely because the trial court or counsel failed to take cognizance of them. As long as the issue was properly preserved, an appellate court shall decide the issue according to controlling legal principles. Rule 5A:18 "does [not] prevent this Court, on its own initiative, from relying on statutory or judicial authority that was not presented to the trial court or referred to in the briefs submitted by the parties." *Lash v. County of Henrico*, 14 Va.App. 926, 929, 421 S.E.2d 851, 853 (1992) (*en banc*) (citing R. Martineau, *Modern Appellate Practice* § 3.9 (1983)).

Furthermore, the proffered instruction embodied "a principle of law vital to [appellant]," and, as such, "[the] trial court [had] an affirmative duty properly to instruct [the] jury about the matter." *Jimenez v. Commonwealth*, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991) (holding that trial court has affirmative duty properly to instruct jury on elements of charged offense, regardless of whether accused objects or proffers proper instruction). Applying this principle in *Bryant v. Commonwealth*, 216 Va. 390, 392–93, 219 S.E.2d 669, 671 (1975), a rape case, the Virginia Supreme Court held that the trial court erred in not instructing the jury on the defense of consent. The accused in *Bryant* proffered an instruction on that issue, and the Supreme Court agreed with the trial court's rejection of the proffered instruction on the ground that it was "argumentative, confusing and potentially misleading." *Id.* at 392, 219 S.E.2d at 671. The Supreme Court also held, however, that because the prosecutrix's purported consent was "[t]he defendant's sole defense," for which he provided supporting testimony, the trial court had an affirmative duty to fashion and give an appropriate instruction. *Id.* at 392–93, 219 S.E.2d at 671–72; *see Jimenez*, 241 Va. at 250, 402 S.E.2d at 681.

Here, as in *Bryant*, the trial court refused a proffered instruction on appellant's sole defense—that he was an accessory after the fact rather than a principal—for which appellant had offered supporting evidence. Appellant's counsel explained in his opening statement before the trial court that appellant was guilty of being an accessory after the fact because he helped conceal the victim's body. Appellant then testified that he helped the real murderer move the body and that he shared in the fruits of a theft from the body. He disclaimed, however, any actual participation in or advance knowledge of the murder. Here, as in *Bryant*, this proffered instruction contained a principle of law vital to appellant's sole defense. Therefore, the trial court committed reversible error in refusing to give the accessory-after-the-fact instruction,

This case presents an issue of first impression in Virginia: whether a criminal defendant who has not been expressly charged with the crime of being an accessory after the fact has a right to a jury instruction on the offense of being an accessory after the fact to the crime of which he or she was charged when supported by the evidence.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Darnell v. Commonwealth,* 6 Va.App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting *Swisher v. Swisher,* 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

Although neither the Code nor the Rules of the Supreme Court of Virginia set forth jury instructions that the trial court must give at the conclusion of the evidence in a criminal case, it is well established as a matter of common law that "[i]t belongs to the [trial] court to instruct the jury as to the law, whenever they require instruction, or either of the parties request it to be given." *Thornton v. Commonwealth,* 65 Va. (24 Gratt.) 657, 662(1874). It is equally well established that "[a] defendant is entitled to have the jury instructed only on those theories of the case that are supported by the

---

regardless of whether appellant specifically referenced Rule 3A:17(c) or Code § 19.2–286. *See also Martin v. Commonwealth,* 13 Va.App. 524, 529–30, 414 S.E.2d 401, 404–05 (1992) (*en banc* ) (applying rationale of *Jimenez* and *Bryant* to hold that tendering of assault instruction in attempted capital murder case was sufficient under Rule 5A:18 to "alert the trial judge and the Commonwealth that simple assault is a lesser-included offense of attempted capital murder and [that] sufficient evidence supported granting the instruction").

We are not unmindful of the holding in *Morgen Industries, Inc. v. Vaughan,* 252 Va. 60, 67–68, 471 S.E.2d 489, 493–94 (1996), a civil case in which the Virginia Supreme Court concluded that merely proffering a jury instruction containing citations to supporting case law was insufficient to preserve the trial court's refusal of the instruction for appeal. However, *Morgen,* as a civil case, did not involve the principle enunciated by the Virginia Supreme Court in *Bryant* and *Jimenez,* and applied by this Court in *Martin,* that a trial judge has an affirmative duty to instruct a criminal jury regarding a principle of law vital to the defendant which finds factual support in the evidence. It is this distinction that renders *Morgen* inapplicable to appellant's case.

evidence," and a trial court errs when it refuses such an instruction that is supported by "more than a scintilla" of evidence. *Frye v. Commonwealth,* 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986); *see also Baylor v. Hoover,* 123 Va. 659, 660–61, 97 S.E. 309, 310 (1918); *Bowles v. Commonwealth,* 103 Va. 816, 830–31, 48 S.E. 527, 532 (1904).

The scope of the jury instructions that the trial court is required to give depends upon the evidence and the range of available dispositions of a particular charge. "At common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged." *Beck v. Alabama,* 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980); *see also Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973); *Hardy v. Commonwealth,* 58 Va. (17 Gratt.) 616, 618–20 (1867) (stating that under Virginia common law, "a party might be convicted of any offence substantially charged in the indictment, provided it was of the same grade [either felony or misdemeanor] with the principal or total offence charged"). Thus, as a matter of common law, "[i]t is reversible error for the trial court to refuse to instruct the jury on the lesser offenses charged in the indictment if there is any evidence in the record tending to prove such lesser offenses." *Taylor v. Commonwealth,* 186 Va. 587, 591, 43 S.E.2d 906, 908 (1947) (citations omitted); *see also Barrett v. Commonwealth,* 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986); *McClung v. Commonwealth,* 215 Va. 654, 657, 212 S.E.2d 290, 292–93 (1975); *Porterfield v. Commonwealth,* 91 Va. 801, 803, 22 S.E. 352, 353 (1895); *Miller v. Commonwealth,* 5 Va.App. 22, 24, 359 S.E.2d 841, 842 (1987); 23A C.J.S. *Criminal Law* § 1357 (1989) (stating that "[t]he right to a jury instruction on a lesser included offense ... is purely a matter of common law"). Conversely, we have stated as a general proposition that "an accused on trial for one offense is not entitled to have the jury instructed on an offense which is not included as a lesser offense of the one charged." *Simms v. Commonwealth,* 2 Va.App. 614, 616, 346 S.E.2d 734, 735 (1986); *see also Crump v. Commonwealth,* 13 Va.App. 286, 290, 411 S.E.2d 238, 241

(1991); *Taylor v. Commonwealth,* 11 Va.App. 649, 651, 400 S.E.2d 794, 795 (1991).

■ Although the crime of being an accessory after the fact is not a lesser-included offense of the principal charge, Code § 19.2–286 and Rule 3A:17 provide that, on the charge of a principal offense, the jury may find the accused guilty of an attempt or of being an accessory after the fact. Only if the jury is instructed upon what constitutes an attempt or being an accessory after the fact may the jury fulfill its responsibility under the statute and rule.

Prior to the 1960 amendment of Code § 19.2–286,[3] a defendant not charged with being an accessory after the fact was not expressly entitled to a jury instruction on this offense because the crime of being an accessory after the fact is not a lesser-included offense of other crimes. "Whether one offense is a lesser included offense of the other depends upon whether the elements of the greater offense necessarily include all elements of the lesser." *Fontaine v. Commonwealth,* 25 Va.App. 156, 164, 487 S.E.2d 241, 245 (1997). "A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." *Kauffmann v. Commonwealth,* 8 Va.App. 400, 409, 382 S.E.2d 279, 283 (1989). "An offense is not a lesser included offense of another if each offense contains an element that the other does not." *Walker v. Commonwealth,* 14 Va.App. 203, 206,

---

**3.** The statute that is now known as Code § 19.2–286 was enacted by the General Assembly in 1848, *see* 1847–48 Va. Acts ch. 120, and has appeared in every subsequent version of the Virginia Code. *See* Code tit. 55, ch. 208, § 32 (1849); Code tit. 55, ch. 208, § 31 (1860); Code ch. 202, § 31 (1873); Code § 4044 (1887); Code § 4044 (1904); Code § 4922 (1919); Code § 19–227 (1950); Code § 19.1–254 (repl.vol. 1960); Code § 19.2–286 (repl.vol.1975); Code § 19.2–286 (repl.vol. 1995). Since its enactment, the text of this statute has been amended only twice—in 1960 and 1975. *See* 1960 Va. Acts ch. 366; 1975 Va. Acts ch. 495. In 1960, the General Assembly extended the reach of this statute, which was then codified at Code § 19.1–254, to include the crime "of being an accessory after the fact." Code § 19.2–254 (repl. vol.1960); *see* 1960 Va. Acts ch. 366. In 1975, the General Assembly modified this particular language to "of being an accessory thereto." Code § 19.2–286 (repl.vol.1975); *see* 1975 Va. Acts ch. 495.

415 S.E.2d 446, 448 (1992). The elements of being an accessory after the fact, by definition, are not wholly contained in the definition of any substantive offense. In order to convict a defendant of being an accessory after the fact, the Commonwealth must prove three elements: that the defendant (1) "receive[d], relieve[d], comfort[ed] or assist[ed]" a felon (2) after knowing that the felon was guilty of committing a completed felony and (3) that the felony was, in fact, completed. *See Manley v. Commonwealth*, 222 Va. 642, 644, 283 S.E.2d 207, 208 (1981). The second of these elements—that the defendant knew that he or she was assisting a felon guilty of a *completed* felony—is unique to the crime of accessory after the fact and is not included in any other offense.[4] *Cf. Thornton*, 65 Va. (24 Gratt.) at 669 (stating that "[a]t common law an accessory could not be convicted on an indictment against him as a principal felon").

■ However, the General Assembly, in enacting Code § 19.2–286, has expressly provided the offenses for which an accused felon may request a jury instruction by enabling juries to convict accused felons of both "attempt" and being an "accessory,"[5] even though neither of these crimes was ex-

---

4. In *Goodson v. Commonwealth*, a panel of this Court indicated that the crime of being an accessory after the fact might be a lesser-included offense of attempted murder and robbery. *See* 22 Va.App. 61, 78–79, 467 S.E.2d 848, 857 (1996). However, it is clear from the context of this statement in *Goodson* that it was pure dictum. The Court was not formally addressing the issue of whether accessory after the fact was a lesser-included offense of attempted murder and robbery, and the opinion is devoid of any analysis comparing the elements of these three crimes. Instead, the *Goodson* Court was analyzing whether the record contained more than a scintilla of evidence to support an accessory-after-the-fact instruction. Thus, *Goodson* does not provide authoritative support for the proposition that the crime of being an accessory after the fact is a lesser-included offense of either attempted murder or robbery.

5. Code § 19.2–286 does not purport to distinguish between accessories before the fact and accessories after the fact. *See* Code §§ 18.2–18, –19, –21. Because Code § 19.2–286 recognizes no distinction, we must interpret the provision as applicable to both forms of accessory liability.

pressly charged in the felony indictment.[6] Code § 19.2–286 states:

> On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.

This code provision has been incorporated into the rules regulating jury verdicts in criminal cases. *See* Rule 3A:17(c) (stating that "[w]hen the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony"). Applying the provisions of the statute, the Virginia Supreme Court, in its Rule 3A:17(c), has stated, in effect, that a felony indictment "embraces" as a "lesser offense" the crime of attempting to commit that felony, as listed in § 19.2–286. *See Willoughby v. Smyth*, 194 Va. 267, 271, 72 S.E.2d 636, 638–39 (1952) (applying § 19–227, which was an earlier version of Code § 19.2–286). The crime of being an accessory after the fact is technically not a lesser-included offense of any other crime because the elements of the accessory offense are not fully included in any other offense. We hold, however, that a criminal defendant is entitled to an instruction on this crime, if such an instruction is warranted by the evidence, based upon

---

6. No due process concerns arise here because the instruction was offered by appellant. However, even if appellant had not offered the instruction, such an approach would not violate the due process requirement that an indictment provide an accused with "notice of the nature and character of the offense charged." *Cantwell v. Commonwealth*, 2 Va.App. 606, 608, 347 S.E.2d 523, 524 (1986). As we previously have discussed, an accused may be convicted for a crime which is lesser-included within the specific offense for which he has been indicted. *See, e.g., Stapleton v. Commonwealth*, 140 Va. 475, 486, 124 S.E. 237, 240–41 (1924). In effect, Code § 19.2–286 and Rule 3A:17(c) treat the crime of being an accessory before the fact or after the fact to the charged offense as lesser-included in that offense, thereby providing the accused with sufficient notice of the "nature and character of the offense charged."

the jury's statutory power under Code § 19.2–286. In effect, for purposes of jury instructions and verdicts, § 19.2–286 and Rule 3A:17(c) treat the crime of being an accessory before the fact or after the fact to the charged offense as lesser-included in that offense. Thus, the trial court erred when it ruled that appellant was not entitled to an instruction on the crime of being an accessory after the fact merely because it was not "a lesser included offense to any of the charges."

Turning to the facts of this case, we hold that the evidence was sufficient to mandate a jury instruction on the offense of being an accessory after the fact. When determining whether sufficient evidence warranted a particular instruction, we view the evidence in the light most favorable to the party requesting the instruction. *See Foster v. Commonwealth,* 13 Va.App. 380, 383, 412 S.E.2d 198, 200 (1991). Appellant's testimony, if believed, provided support for the theory that he was only an accessory after the fact to the murder. Appellant testified that Joseph Smith, his sister's boyfriend, shot the victim in his car while appellant was sitting nearby in the woods. Appellant testified that after the shooting, he helped Smith place the victim's body in the trunk and accompanied Smith as he drove the victim's car to a remote location in the woods. Appellant testified that, at some point, Smith took money and "pot" from the victim's body and distributed it between himself, appellant, and appellant's sister. Appellant testified that a few days later he helped Smith carry the victim's body from the trunk of the car to a location in the woods where Smith buried it. Based on this evidence, if believed, a jury could have concluded that appellant was guilty only of being an accessory after the fact to the murder.

For the foregoing reasons, we reverse the conviction of first degree murder and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

LEMONS, Judge, with whom Judges WILLIS, BRAY, OVERTON and BUMGARDNER, join, dissenting on Part I and with whom Chief Judge FITZPATRICK, and Judge BUMGARDNER, join, dissenting on Part II.

Because Dalton neither presented the issue to the trial court nor raised the issue in his initial briefs before the three judge panel of this Court, I believe the majority errs by considering it on appeal. Rule 5A:18. *See also Buchanan v. Buchanan,* 14 Va.App. 53, 415 S.E.2d 237 (1992). Additionally, I believe the majority errs in its interpretation of Rule 3A:17(c) and Code § 19.2–286.

## I. *PROCEDURAL BAR*

Dalton argues that the trial court erred in refusing to instruct the jury on the misdemeanor offense of being an "accessory after the fact." When Dalton tendered his instruction concerning an "accessory after the fact," the entire colloquy on the record is as follows:

THE COURT: Alright sir. Alright, Mr. Strauss, are there any objections to the seventeen instructions that the Court intends to give?

MR. STRAUSS: No, Your Honor, we have no objection to the seventeen that are ready to be presented to the jury. We do, however, note our objection to the Court's ruling that they will not grant us an instruction on accessory after the fact. I would submit that *based on the evidence in this case, that would be proper to instruct the jury on that,* and therefore we would note our exception to the Court's ruling that they will not grant us an instruction on being an accessory after the fact.

THE COURT: Alright, for the record, Mr. Strauss, you have asked that an instruction be given on the defendant as an accessory after the fact, and I have refused to give that instruction. *My ruling was because I do not think that is a lesser included offense to any of the charges.* Alright. Now, the last thing, there are two jury verdict forms that

have been prepared, and Mr. Grimes, you have seen both
forms, have you not?

(Emphasis added).

The only issue before the trial judge was whether the crime
of being an "accessory after the fact" is a lesser-included
offense of the principal felony. Dalton did not argue to the
trial court or to the three judge panel of this Court that Rule
3A:17(c) or Code § 19.2–286 required the trial court to give
the instruction.

### A. *"Lesser Included Offense"*

If the evidence supports a conviction of a lesser-included
offense, even though that offense is not specifically charged,
"the trial court must, upon request of counsel, instruct the
jury as to the lesser included offense." *Lea v. Common-
wealth,* 16 Va.App. 300, 304, 429 S.E.2d 477, 480 (1993). A
trial court is "bound by the principle that the accused is
entitled, on request, to have the jury instructed on a lesser
included offense that is supported by more than a mere
'scintilla of evidence' in the record." *Hunt v. Commonwealth,*
25 Va.App. 395, 399–400, 488 S.E.2d 672, 674 (1997). "Howev-
er, an accused is not entitled to have the jury instructed on an
offense which is not a lesser included offense of the one with
which he or she is charged." *Taylor v. Commonwealth,* 11
Va.App. 649, 651, 400 S.E.2d 794, 795 (1991).

The crime of being an accessory after the fact can never be
a lesser-included offense of the offense for which the accused
is charged.

> To constitute an accessory after the fact, three things are
> requisite: 1. The felony must be completed; 2. He must
> know that the felon is guilty; 3. He must receive, relieve,
> comfort or assist him. It is necessary that the accessory
> have notice, direct or implied, at the time he assists or
> comforts the felon, that he had committed a felony.

*Manley v. Commonwealth,* 222 Va. 642, 644–45, 283 S.E.2d
207, 208 (1981).

A lesser included offense is one composed entirely of elements that are also elements of the greater offense. ·For this reason, if a crime is a lesser included offense of another crime, the commission of the greater offense must invariably also be a commission of the lesser offense. Conversely, an offense is not lesser included within another if it has an element the other does not.

*Taylor,* 11 Va.App. at 652, 400 S.E.2d at 795 (citations omitted). "An offense is not a lesser included offense of another if each offense contains an element that the other does not." *Walker v. Commonwealth,* 14 Va.App. 203, 206, 415 S.E.2d 446, 448 (1992). The second element of the crime of being an "accessory after the fact"—knowledge that he or she was providing assistance to someone who was guilty of a completed felony—is particular to the offense of being an accessory after the fact and is not an element in any other offense. Therefore, the crime of being an accessory after the fact is not a lesser-included offense of the principal felony.

## B. *"Lesser Offense"*

Dalton did not argue before the trial court or in his brief before the three judge panel of this Court that, irrespective of whether the crime of being an accessory after the fact is a lesser-included offense of the principal felony, Rule 3A:17(c) and Code § 19.2–286 [7] require that the instruction be given as a "lesser offense."

---

7. Rule 3A:17(c) provides:

Conviction of Lesser Offense.—The accused may be found not guilty of an offense charged but guilty of any offense, or of an attempt to commit any offense, that is substantially charged or necessarily included in the charge against the accused. When the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony.

Code § 19.2–286 provides:

Conviction of attempt or as accessory on indictment for felony; effect of general verdict of not guilty.—On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a

Code § 8.01–384 provides in part that "it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor."

Rule 5A:18 states:

No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

"The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." *Martin v. Commonwealth,* 13 Va.App. 524, 530, 414 S.E.2d 401, 404 (1992).

In *Morgen Industries, Inc. v. Vaughan,* 252 Va. 60, 471 S.E.2d 489 (1996), the Virginia Supreme Court held that the tendering of a jury instruction even with supporting cases listed on the instruction, without more, is insufficient to preserve a claim of error to a refusal of the instruction. "Since Morgen did not preserve the reasons for its objections on the record, we do not consider its arguments raised on appeal concerning the trial court's refusal of the proposed jury instructions." *Id.* at 68, 471 S.E.2d at 494.

From the colloquy between the court and counsel, it is clear that Dalton tendered the "accessory after the fact" instruction at trial as a lesser-included offense. The trial judge properly rejected the instruction on that ground. Dalton argues for the

---

subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.

first time on rehearing *en banc* that Rule 3A:17(c) and Code § 19.2–286 required the court to give his proffered instruction, not as a lesser-included offense but as a "lesser offense." [8] Rule 5A:18 provides that "[n]o ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling...." *McQuinn v. Commonwealth,* 20 Va.App. 753, 755, 460 S.E.2d 624, 626 (1995) (*en banc* ).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

*Ohree v. Commonwealth,* 26 Va.App. 299, 307, 494 S.E.2d 484, 488 (1998). We have repeatedly stated that we will not consider the merits of an argument made for the first time on appeal. *See Jacques v. Commonwealth,* 12 Va.App. 591, 593, 405 S.E.2d 630, 631 (1991). Also, we have repeatedly stated that we will not consider the merits of an argument not presented to the Court in briefs. *Buchanan,* 14 Va.App. at 56, 415 S.E.2d at 239.

## II. *JURY INSTRUCTION*

Dalton now contends that the trial court erred in refusing to instruct the jury on the crime of being an "accessory after the fact," arguing that sufficient evidence supported giving the instruction. He argues that (1) Rule 3A:17(c) of the Rules of the Supreme Court of Virginia entitled him to an instruction on accessory after the fact if it was supported by credible evidence, and (2) that the evidence was sufficient to warrant such an instruction.

---

**8.** Dalton did not make this argument in his brief or before the three judge panel of this Court. Only after receiving the opinion of the three judge panel and upon rehearing *en banc* did Dalton advance this argument.

334

### A. *Common Law*

Under common law,

[t]o constitute an accessory after the fact, three things are requisite: 1. The felony must be completed; 2. He must know that the felon is guilty; 3. He must receive, relieve, comfort or assist him. It is necessary that the accessory have notice, direct or implied, at the time he assists or comforts the felon, that he had committed a felony.

*Manley*, 222 Va. at 644–45, 283 S.E.2d at 208. "An offense is not a lesser included offense of another offense if each offense contains an element that the other does not." *Walker*, 14 Va.App. at 206, 415 S.E.2d at 448. The second element— knowledge that he or she was providing assistance to someone who was guilty of a completed felony—is particular to the crime of being an accessory after the fact and is not an element in the crime of murder. Therefore, under the common law, the crime of being an accessory after the fact is not a lesser-included offense of murder.

We have previously stated without equivocation that:

[A]n accused on trial for one offense is not entitled to have the jury instructed on an offense which is not included as a lesser offense of the one charged. To do so would confuse the issues before the jury and divert attention from their responsibilities. The suggested procedure also might suggest to the jury that the accused should be acquitted of one offense because the evidence shows he may have been more clearly guilty of another offense for which he was not on trial. . . . [A] defendant is not entitled to an instruction on an offense for which he is not specifically charged, unless it is a necessarily included lesser offense thereof. The defendant can hardly be heard to complain that he was not charged with an additional offense.

*Simms v. Commonwealth*, 2 Va.App. 614, 616–17, 346 S.E.2d 734, 734–35 (1986).

### B. *Statutory Construction*

Code § 19.2–286 states:

> On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.

Given the history of legislative changes and the context of the statute, the term "accessory thereto" cannot be interpreted to include the crime of being an "accessory after the fact." In 1960, Code § 19.1–254, the precursor to § 19.2–286, stated:

> On an indictment for felony the jury may find the accused not guilty of the felony, but guilty of an attempt to commit such felony, or of being an accessory after the fact....

Effective October 1, 1975, Code § 19.1–254 was re-written as Code § 19.2–286. The sole alteration consisted of substituting the words "accessory thereto" for the words "accessory after the fact."

The *mens rea* of the crime of being an accessory after the fact is "actual knowledge of the commission of a felony, rather than the shared criminal intent of the other accessory offenses." John L. Costello, *Virginia Criminal Law and Procedure,* at 324 (2nd ed.1995). Therefore, "[a]n accessory after the fact has not contributed to the commission of a crime; his criminality is found in his post-crime assistance which is likely to impede the prosecution of the perpetrator." Roger D. Groot, *Criminal Offenses and Defenses in Virginia,* at 354 (3d. ed.1994).

Code § 18.2–18 provides: "[I]n the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree." The crime of being an accessory after the fact is not included in this classification. Rather, Code § 18.2–19 "retains the separate offense of accessory after the fact, defined as any non-excepted person, 'who, after the commission of a felony, shall aid or assist a principal felon or accessory before the fact to avoid or escape from prosecution or punishment....'" Costello, *su-*

*pra* at 324. One who has been found guilty of being an accessory after the fact has committed a Class 1 misdemeanor. Code § 18.2–19.

The intention of the legislature in amending Code § 19.2–286 was to eliminate accessories after the fact from the application of the statute. Because the legislature specifically distinguished the first group (principals in the first degree, principals in the second degree, and accessories before the fact) from one who acts as an accessory after the fact in Code §§ 18.2–18 and 18.2–19, it is logically consistent to conclude that an "accessory after the fact" is not included in the classification of an "accessory thereto" as provided in Code § 19.2–286.

Further support for legislative intent to exclude "accessory after the fact" from the term "accessory thereto" in Code § 19.2–286 is the use of the unmodified term "accessory" elsewhere in the Code. Code § 18.2–40 states that "every accessory" to a lynch mob "shall be guilty of murder, and upon conviction, shall be punished as provided in Article I (§ 18.2–30 *et seq.*) of this chapter." Additionally, Code § 18.2–102 provides that one who is an "accessory to" the unauthorized use of a vehicle "shall be subject to the same punishment as if he were the principal offender." Obviously, the misdemeanor of accessory after the fact is not swept within the unmodified definition of "accessory" in either statute.

Code § 18.2–18 states: "[I]n the case of every felony," an accessory *before the fact* "shall be indicted, tried, convicted and punished in all respects as if a principal in the first degree." (Emphasis added). By contrast, Code § 18.2–19 mandates that "[i]n the case of every felony, every accessory *after the fact* shall be guilty of a Class I misdemeanor." (Emphasis added). All statutes on the same subject matter, i.e., those standing *in pari materia*, must be considered together and harmonized if possible. *See Lambert v. Barrett*, 115 Va. 136, 78 S.E. 586 (1913).

### C. *Rule 3A:17(c)*

The majority also relies upon Rule 3A:17(c) in support of its opinion. Rule 3A:17(c) states:

Conviction of a Lesser Offense.—The accused may be found not guilty of an offense charged but guilty of any offense, or of an attempt to commit any offense, that is substantially charged or necessarily included in the charge against the accused. When the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony.

If the application of both Rule 3A:17 and Code § 19.2–286 suggests potential conflict, a court must interpret them in a consistent manner. "The General Assembly may, from time to time, by the enactment of a general law, modify, or annul any rules adopted or amended pursuant to this section. In the case of any variance between a rule and an enactment of the General Assembly such variance shall be construed so as to give effect to such enactment." Code § 8.01–3(D).

Although the courts of Virginia have not specifically addressed Rule 3A:17(c) in its entirety, the phrase "substantially charged or necessarily included in the charge against the accused" has been analyzed. In *Patterson v. Commonwealth,* 19 Va.App. 698, 454 S.E.2d 367 (1996), the defendant was convicted of possession of cocaine. The indictment charged him with the manufacture of cocaine. Finding that one element of the crime of manufacturing cocaine includes the possession of cocaine, we held that the possession offense was "substantially charged" in the defendant's indictment and affirmed his conviction. *Id.* In *Edenton v. Commonwealth,* 227 Va. 413, 417–18, 316 S.E.2d 736, 738 (1984), the Supreme Court of Virginia reversed the defendant's misdemeanor conviction of driving without a valid license, holding that the charge was not a lesser-included offense of the felony of driving after having been adjudged an habitual offender. The Court held that the "misdemeanor offense ... is not an offense substantially charged in the indictment of ... [the

felony], and hence, that the trial court erred in convicting the defendant of the misdemeanor."

The first sentence of Rule 3A:17(c) appears inconsistent with the second sentence because the crime of being an accessory after the fact is not "substantially charged or necessarily included" in the principal felony. When the legislature modified Code § 19.2–286 in 1975 by removing the words "accessory after the fact," the Rule was not changed accordingly. In the case of conflict between a statute and a Rule of Court, the statute must prevail. Code § 8.01–3(D).

### D. *Due Process*

Additionally, the majority would allow the *Commonwealth* to insist upon an "accessory after the fact" instruction when it has not charged the accused with that crime in the indictment. The Due Process Clause of the United States Constitution and the Virginia Constitution require that an accused be given proper notification of the charges against him or her. *See* U.S. Const. amend. XIV; Va. Const. art. I, § 8. An indictment must be "a plain, concise, and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, (4) reciting that the accused committed the offense on or about a certain date." Code § 19.2–220. "An indictment is sufficient if it gives 'notice of the nature and character of the offense charged so he can make his defense.'" *Satcher v. Commonwealth*, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992). Allowing a conviction for a crime which has neither been charged in the indictment, nor is a lesser-included offense of the named charge, would require an accused to defend a different offense from that which he or she is charged.

For the foregoing reasons, I dissent.